**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4664**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ROBERT LEON GRAY,

Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at New Bern.  Louise W. Flanagan, Chief District Judge.  (7:07-cr-00122-FL-1)

Submitted:  July 20, 2010                 Decided:  August 20, 2010

Before SHEDD and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Samuel J. Randall, IV, RANDALL WORTMAN, P.C., Leland, North Carolina, for Appellant.  George E. B. Holding, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Timothy Severo, Special Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert Leon Gray entered a conditional guilty plea, pursuant to a plea agreement, to possession with intent to distribute more than five grams or more of cocaine base and an unspecified quantity of heroin, in violation of 21 U.S.C. § 841 (2006). The district court sentenced Gray to 210 months' imprisonment. In the plea agreement, Gray reserved the right to challenge the district court's denial of his motion to suppress drugs discovered in a rental car. Gray contends on appeal that the district court erred in accepting the magistrate judge's recommendation to deny his motion to suppress. We affirm.

We review the district court's factual findings underlying a motion to suppress for clear error and the court's legal determinations de novo. United States v. Day, 591 F.3d 679, 682 (4th Cir. 2010). When a district court denies a suppression motion, we review the evidence in the light most favorable to the Government. United States v. Matthews, 591 F.3d 230, 234 (4th Cir. 2009). We give due regard to the district court's opportunity to judge the credibility of witnesses for "it is the role of the district court to observe witnesses and weigh their credibility during a pre-trial motion to suppress." United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008).

With these standards in mind, and having reviewed the transcript of the suppression hearing, the magistrate judge's recommendation, the district court's order, and the parties' briefs, we conclude that the district court did not err in denying Gray's motion to suppress. Accordingly, we affirm for the reasons stated by the district court.[*] See United States v. Gray, No. 7:07-cr-00122-FL-1 (E.D.N.C. May 5, 2008). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*] We note Gray's argument on appeal that the district court's conclusion that the search of the rented vehicle was permissible as a search incident to arrest is no longer supportable under the Supreme Court's decision in Arizona v. Gant, 129 S. Ct. 1710 (2009). However, because the district court properly concluded Gray had no legitimate expectation of privacy in the vehicle searched and therefore no standing to contest the search of the vehicle, it is unnecessary for us to consider the propriety of this secondary holding.